UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEYSHAUN JENKINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:23-cv-00983-SRC |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>Memorandum And Order</u>**

Before the Court is Movant Keyshaun Jenkins' Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 3. The Court orders Jenkins to show cause why this motion should not be dismissed as untimely filed.

**I.      Background**

On April 26, 2021, Jenkins pleaded guilty to one count of carjacking and another count of brandishing a firearm in furtherance of a crime of violence. Guilty Plea Agreement, *United States v. Jenkins*, No. 4:20-cr-182-SRC-1 (E.D. Mo. Apr. 26, 2021), Doc. 53. On August 10, 2021, the Court sentenced Jenkins to serve a total of 102 months in prison. *Id.* Doc. 62. Jenkins did not appeal. *See id.*

Jenkins commenced this case this on August 7, 2023 by filing what he called "a 2255 motion for ineffective assistance of counsel." Doc. 1. He then amended his motion to incorporate the proper form and to provide important but previously omitted information. Doc. 3. The Court now reviews his Amended Motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## II. Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief. To answer that question, the Court turns to the text of § 2255. Section 2255(f) reads:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In keeping with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court will dismiss Jenkins' Amended Motion, Doc. 3, if it falls prey to the limitation described in § 2255(f).

## III. Discussion

Nothing in Jenkins' Amended Motion, Doc. 3, suggests that subsections (2), (3), or (4) of § 2255 apply here. The Court therefore considers whether his motion is timely under § 2255(f)(1). Generally, convictions become "final" upon the conclusion of direct review, after which the one-year clock starts. *See Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) (explaining that "§ 2255's one-year limitation period starts to run when the time for seeking

2

[direct] review expires"). In Jenkins' case, judgment was entered on August 10, 2021, at which point he had 14 days to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A) (providing for a 14–day period in which to file a notice of appeal in a criminal case). Because he did not file such a notice, his opportunity for direct review expired, and his conviction became final on August 25, 2021. Accordingly, Jenkins had one year from that date—that is, until August 25, 2022—to file a motion for relief under § 2255. He did not file any such motion, however, until August 7, 2023. It therefore appears that his Motion is untimely.

## IV.     Conclusion

The Court directs Jenkins to show cause, in writing and no later than November 17, 2023, why his Amended Motion should not be dismissed as untimely. Jenkins' failure to timely comply with this Order may result in the dismissal of this case without further notice.

So ordered this 11th day of October 2023.

_SLR. CR_
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE