UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEYSHAUN JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00983-SRC |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Respondent. | ) |

### Memorandum and Order

On April 26, 2021, Petitioner Keyshaun Jenkins pleaded guilty to one count of carjacking and another count of brandishing a firearm in furtherance of a crime of violence. Guilty Plea Agreement, *United States v. Jenkins*, No. 4:20-cr-182-SRC-1 (E.D. Mo. Apr. 26, 2021), docs. 52–53. On August 10, 2021, the Court sentenced Jenkins to serve a total of 102 months in prison. *Id.* doc. 62. Jenkins did not appeal. *See id.*

In August 2023, Jenkins filed what he called "a 2255 motion for ineffective assistance of counsel." Doc. 1. He then filed an Amended Motion to incorporate the proper form and provide important but previously omitted information. Doc. 3. The Court reviewed the Amended Motion under Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts, and determined that Jenkins' motion appeared untimely and subject to dismissal. *See* doc. 5 (citing 28 U.S.C. § 2255(f)(1), which imposes a "1-year period of limitation" on § 2255 motions that runs from, as relevant here, "the date on which the judgment of conviction becomes final"). Accordingly, the Court ordered Jenkins to show cause, in writing no later than November 17, 2023, why the Court should not dismiss his petition as untimely. *Id.* The Court cautioned Jenkins that his failure to timely comply with the order might result in the dismissal of

this case without further notice. *Id.*  As the deadline drew near, Jenkins sought an extension of time for him to respond to the order, and the Court extended the deadline to December 29, 2023. Docs. 6–7.  The Court again reminded Jenkins that his failure to meet the deadline might result in the dismissal of this case without prejudice and without further notice.  Doc. 7.

Since his motion for an extension of time, however, Jenkins has filed nothing with the Court.  Accordingly, after careful consideration and for the reasons stated in its October 2023 order, doc. 5, the Court concludes that Jenkins' petition is untimely.  Pursuant to § 2255(f)(1) and Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Court dismisses Jenkins' petition.

In closing, the Court considers whether to grant a certificate of appealability in this case. When, as here, a district court denies a § 2255 motion on procedural grounds, the court should grant a certificate of appealability only if the prisoner can show "both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (emphasis and internal quotation marks omitted).  Here, Jenkins' petition is plainly untimely, and Jenkins has provided no basis upon which the Court could issue a certificate of appealability.

Accordingly, the Court dismisses Jenkins' petition with prejudice and declines to issue a certificate of appealability.  A separate order of dismissal accompanies this memorandum and order.

So ordered this 23rd day of January 2024.

_____
STEPHEN R. CLARK
 CHIEF UNITED STATES DISTRICT JUDGE

3